UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

Case No. 21-cr-20516
District Judge Denise Page Hood

v.

CHRISTOPHER GRAY,

                    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING TRIAL (ECF No. 20)**

### I. INTRODUCTION

This matter is before the Court on Defendant Christopher Gray's October 6, 2021 Motion for Review of Order of Detention. (ECF No. 20). He asks the Court to reconsider Magistrate Judge David Grand's August 2, 2021 order of detention pending trial. (ECF No. 13). For the reasons set forth below and on the record on November 3, 2021, Defendant's motion will be denied.

### II. BACKGROUND

On July 28, 2021, Defendant made an initial appearance on a criminal complaint alleging violations of (1) 18 U.S.C. § 1591(a) (sex trafficking using

1

force, fraud, or coercion, and sex trafficking of a minor) and (2) 18 U.S.C. § 2251(a) (production of child pornography). (ECF No. 1). On August 11, 2021, he was indicted on a a count of sex trafficking children under 18 U.S.C. § 1591(a). (ECF No. 15, PageID.32-33).

Following a detention hearing, on August 2, 2021 Magistrate Judge David Grand found under 18 U.S.C. § 3142(e)(3) that a rebuttable presumption of detention existed and that "no condition or combination of conditions" would "reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed . . . an offense involving a minor." (ECF No. 13, PageID.25). He found that by "clear and convincing evidence . . . no condition or combination of conditions of release" would "reasonably assure the safety of any other person and the community." (*Id.*). He found that based on the record made at the hearing (1) the weight of evidence against Defendant was strong (2) Defendant was subject to a lengthy period of incarceration if convicted, (3) Defendant had a prior criminal history, and (4) Defendant had prior violations of probation, parole, or supervised release. (*Id.*, PageID.25-26).

The Magistrate Judge found further that Defendant had confessed to taking nude photographs of the victim at Defendant's residence, using his cellular telephone to post the photos to a website, and driving the underage victim "to

locations where she would have sex for money." (*Id.*, PageID.26). The Magistrate Judge noted that Defendant also admitted to engaging in a sex act with the victim and that Defendant had a prior conviction for felony 3rd degree criminal sexual conduct involving a young girl. (*Id.*). The Magistrate Judge found that even after serving a custodial sentence for the prior conviction for the criminal sexual conduct, Defendant contacted that victim and attempted to meet with her, resulting in a parole violation and a return to prison. (*Id.*). The Magistrate Judge found that in Defendant's favor, he had cooperated with authorities regarding the current indictment, had family support, and had been working part time. (*Id.*). He concluded however that the positive factors were "very substantially outweighed" by the factors supporting detention. (*Id.*).

### III. ANALYSIS

#### A. Standard of Review

The Court may review the Magistrate Judge's order detaining a defendant.18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a de *novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. §

3

3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

    **B.    Defendant's Motion for Review of Order of Detention**

Defendant through counsel argues that he should be released on bond pending trial because the Magistrate Judge's detention order was based on the erroneous assumption that Defendant "encountered and initiated the activities involving [the victim]." (ECF No. 20, PageID.46). Defendant states instead that his relative ("Individual A") actually "instigated" the alleged sex trafficking activity. Defendant points out that he contacted the Eastpointe Police Department to report Individual A's activities and contacted the victim's mother to facilitate the victim's return to her home. (*Id.*). He acknowledges that he confessed to taking pictures of the victim at his home. (*Id.*). Defendant states that his cooperation with law enforcement establishes his trustworthiness. (*Id.*).

4

Defendant states further that his mother has offered to allow him to stay in a bedroom in her Detroit, Michigan home under the conditions of house arrest or home incarceration including the use of a GPS tether. (*Id.*). He notes that his mother "suffers from insulin dependent diabetes, arthritis, and high blood pressure and thus requires [his] assistance in the home." (*Id.*). Attached to the motion is a letter by his mother stating that she is "willing to be [a] third-party custodian and ensure you that [Defendant] obey and follow all rules of the court and . . . be in compliance with them." (ECF No. 20-1, PageID.49). She adds that Defendant "has a room at [her] home and I consent to allow him to live with me. . ." (*Id.*). Defendant also states that he "may become exposed to the Covid-19 virus" awaiting trial at the Midland County Jail and "is far safer quarantining at home as the jail is an unsafe and unhealthy environment." (*Id.*, PageID.47).

On October 6, 2021, Defendant submitted a letter in favor of bond stating that his ailing mother relied on him for assistance. (ECF No. 24, PageID.63). He stated that he would abide by the conditions of bond and hoped to return to his job. (*Id.*). He restated arguments made in the motion for bond, contending once again that it was his relative who facilitated the sex trafficking. (*Id.*).

In response, the Government disputes that bond is appropriate, arguing that Defendant was already a registered sex offender when the acts in question occurred. (ECF No. 23, PageID.52). It notes that Defendant's request to stay with his mother "will not work" given that his mother's home is "the same

5

residence where he committed part of this offense" during the time that the mother was living there. (*Id.*). The Government contends that the Magistrate Judge's finding that Defendant is "an extreme danger to the community," ((ECF No. 13, PageID.26) "[c]oupled with the presumption favoring detention that [he] cannot rebut," supports continued detention. (*Id.*, PageID.52-53).

The Court has considered the four factors set forth in 18 U.S.C. § 3142(g). As to the first factor, the nature and circumstances of the offense favor detention. Defendant is accused of sexually assaulting and sex trafficking a 14-year-old. The offense confers the presumption in favor of detention. The Government states that due to Defendant's criminal history and the current alleged offenses, he faces at least 20 years' imprisonment if convicted on both counts.

Second, the weight of the evidence of dangerousness also favors detention. The Government states that Defendant "has repeatedly engaged in the sexual abuse of [a] minor," "profited from a minor committing commercial sex acts," and that he "attempted to or successfully trafficked other females on numerous other occasions." Defendant has admitted to at least a portion of the charges against him.

As to the third factor, Defendant's history and characteristics include a plea to third degree criminal sexual conduct in 2009 involving a 13-14-year-old. (ECF No. 23, PageID.58). The Government states that the circumstances of the

previous offense included picking the victim up from school and having sex with her on one occasion, and after the victim ran away from home, Defendant and four other individuals had sex with the victim at Defendant's residence. (*Id.*). Defendant was paroled in 2012 but was reincarcerated after contacting the victim. (*Id.*). The current allegations of sex abuse *and* sex trafficking suggest that his inclination for predatory behavior has increased since his first conviction and violation of the conditions of parole. For these reasons, the Court finds that the third factor supports continued detention.

The fourth and final factor, the nature and seriousness of the danger posed by Defendant's release favors continued detention. As noted above, the current charge of commercial sexual trafficking suggests that his proclivity for exploiting minors has increased since his first conviction. Defendant's contention that he will comply with the conditions of bond under the care of his mother is undermined by the fact that his mother was living at the same home during the period in which the some of the offenses occurred. While Defendant states that another relative was primarily responsible for the sex trafficking, his cellular telephone records show that he attempted to sex traffic other females. Defendant has also admitted to sexual activity with the victim in the case.

Finally, while Defendant alleges that he is at greater risk of contracting Covid-19 in an institutional setting, he makes no allegations that the rate of infection at the Midland County Jail is unacceptably high or that he experiences a

medical condition that would be exacerbated by Covid-19. Even assuming this were the case, it would not change the Court's findings. "[A]n inmate's conditions of confinement are immaterial to the issue of whether he is a danger to the community and/or risk of flight. If [he] is not getting proper medical care . . . he has remedies available to him, including filing grievances or ultimately [filing] suit against the facility." *United States v. Keller*, No. CRIM.A. 07-40016-FDS, 2008 WL 3085199, at *3 (D. Mass. Aug. 4, 2008).

## IV. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Updated Motion for Revocation of Detention Order [ECF No. 20] is DENIED.

s/Denise Page Hood
Denise Page Hood
Chief United States District Judge

Dated: November 3, 2021